**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4876**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ASHLEY TERRELL BROOKS,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00115-RJC)

---

Submitted: September 30, 2008       Decided: October 14, 2008

---

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ronald Cohen, Wilmington, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashley Terrell Brooks pled guilty without a plea agreement to possession of a firearm by a convicted felon. The district court sentenced Brooks to 180 months in prison. Brooks timely appealed.

Brooks first contends that his guilty plea was not knowing and voluntary because, at his plea hearing, both the Government and defense counsel misinformed him regarding his status as an armed career criminal. In order to enter a knowing and voluntary guilty plea, a defendant must know the direct consequences of his guilty plea. Brady v. United States, 397 U.S. 742, 755 (1970); Cuthrell v. Dir., Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir. 1973). "Direct consequences" are defined "as those having a 'definite, immediate and largely automatic effect on the range of the defendant's punishment.'" Bryant v. Cherry, 687 F.2d 48, 50 (4th Cir. 1982) (quoting Cuthrell, 475 F.2d at 1366). Under Fed. R. Crim. P. 11(b)(1)(I), a defendant must be informed of any mandatory minimum penalty for his offense.

Although the Government and defense counsel expressed belief at the Fed. R. Crim. P. 11 hearing that Brooks was not an armed career criminal, both defense counsel and the magistrate judge noted that it was a possibility and the magistrate judge took great pains to ensure that Brooks understood that he might

qualify as an armed career offender and, if he did, he faced a mandatory minimum sentence of fifteen years in prison. Brooks stated at the plea hearing that he understood the situation and he is now bound by his statement. See Beck v. Angelone, 261 F.3d 377, 395-96 (4th Cir. 2001) (absent "clear and convincing evidence" to the contrary, defendant is bound by statements made under oath at Rule 11 hearing). We therefore find that Brooks' guilty plea was knowing and voluntary.

Brooks also argues that counsel was ineffective for failing to advise him that he qualified as an armed career criminal and therefore faced an enhanced penalty. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2008) motion. Id.; United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate both that his attorney's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong of the Strickland test in the context of a guilty plea, a defendant "must show that there is a reasonable

3

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, the record does not conclusively show that Brooks was denied effective assistance of counsel. Assuming arguendo that counsel was or should have been aware at the time of Brooks' guilty plea that Brooks qualified for the armed career criminal designation and should have so advised his client, Brooks was not prejudiced by the alleged error. The magistrate judge warned Brooks at the plea hearing that he might be subject to the armed career criminal enhancement and, even with this knowledge, Brooks elected to plead guilty. Because it does not appear conclusively from the record that counsel was ineffective, Brooks' claim is not cognizable on direct appeal.

Brooks also asserts that the district court failed to adequately state the reasons for the sentence imposed or to sufficiently consider mitigating circumstances. We find this claim to be meritless.

This court reviews the sentence imposed by the district court for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no "significant" procedural errors, such as "failing to calculate (or improperly

4

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

If the appellate court concludes that the sentence is "procedurally sound," the court then considers the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597).

In this case, the district court correctly calculated the guideline range, treated the guidelines as advisory, and considered the § 3553(a) factors before imposing a sentence at the bottom of the guideline range and at the statutory mandatory minimum. Because the sentence was within the guideline range, we afford it a presumption of reasonableness which Brooks has failed to rebut. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). Therefore, we are satisfied that the

sentence was reasonable and the district court did not abuse its discretion in imposing it.[1]

For these reasons, we affirm Brooks' conviction and sentence.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[1]Brooks also cursorily asserts that his sentence enhancement under the Armed Career Criminal Act, 18 U.S.C.A. § 924(e)(1) (West 2000 & Supp. 2008), violates the Sixth Amendment because his prior convictions were not submitted to a jury, proved beyond a reasonable doubt, or admitted by him.  We have previously rejected this argument.  United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005); see also United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005).

[2]We grants Brooks' motion to file a pro se supplemental brief and find the claims therein to be without merit.